16-3342-cv
Rite Aid of New York, Inc. v. 1199 SEIU United Healthcare Workers East

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand seventeen.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
JOAN M. AZRACK,
*District Judge.*[*]

-----------------------------------------------------------------------
RITE AID OF NEW YORK, INC.,
*Petitioner-Appellant*,

v.                                                              No. 16-3342-cv

1199 SEIU UNITED HEALTHCARE WORKERS EAST,
*Respondent-Appellee*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        JEDD MENDELSON, Littler Mendelson, P.C., Newark, New Jersey.

APPEARING FOR APPELLEE:         ALLYSON L. BELOVIN, Levy Ratner, P.C., New York, New York.

-----------------------------

[*] Judge Joan M. Azrack, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 21, 2016, is AFFIRMED in part, and the appeal is DISMISSED in part for lack of appellate jurisdiction.

Plaintiff Rite Aid of New York, Inc. ("Rite Aid") appeals from a judgment denying its petition to vacate and granting defendant 1199 SEIU United Healthcare Workers East's ("the Union's") cross-motion to confirm an arbitral award of benefits contributions owed by Rite Aid under a 2009 collective bargaining agreement ("CBA") and its motion for an award of attorneys' fees. On appeal from the confirmation or vacatur of an arbitration award under Section 301 of the Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. § 185, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *See National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). In reviewing an award of attorneys' fees pursuant to a contract, we review the district court's interpretation of the contract *de novo* and its decision to award attorneys' fees for abuse of discretion. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm confirmation of the arbitration award and to dismiss the appeal of attorneys' fees for lack of appellate jurisdiction.

2

1. <u>Confirmation of the Arbitration Award</u>

A federal court's review of labor arbitration awards is "among the most deferential in the law." *National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d at 532. We may not ourselves "weigh[] the merits of [the] grievance." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 172 (2d Cir. 2004). "We must simply ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "[E]ven if an arbitrator makes mistakes of fact or law, we may not disturb an award so long as he acted within the bounds of his bargained-for authority." *Id.* An arbitrator acts within that authority if the award "draws its essence from the collective bargaining agreement," *id.* at 537, and is supported by at least a "barely colorable" interpretation of the contract, *id.* at 539, rather than the arbitrator's "own brand of industrial justice," *id.* at 537. In reviewing the district court's confirmation of the award under this highly deferential standard, we identify no error.

In urging otherwise, Rite Aid first contends that the arbitrator misunderstood CBA provisions restricting the methodology for calculating contributions to the National Benefit Fund for Health and Human Service Employees ("NBF"). Rite Aid argues that the interchangeable use of the terms "contribution rate" and "uniform required rate" in Sections (C) and (D) of the CBA reflected the parties' understanding that, so long as the

3

CBA remained in effect, they would use only that methodology, which imposed the same contribution rates on all employers, and not the employer-specific "flat rate" methodology under which Rite Aid was later required to make more substantial contributions. We are not persuaded.

The arbitrator's determination that the CBA authorized the NBF's Trustees to alter Rite Aid's contribution rate neither ignored the plain language of the contract nor exceeded the scope of his authority. *See National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d at 532. The arbitrator merely construed Section (E) of the CBA, which stated that Rite Aid agreed to "be bound by and to implement any changes in the Funds' contribution rates . . . in the amounts and on the dates . . . set by the Funds' Trustees," App'x 31, as authorizing the NBF's Trustees to alter Rite Aid's contribution methodology. Although Rite Aid argues that Section (E) was implicitly limited by the interchangeable use of the terms "contribution rate" and "uniform required rate" in preceding sections, particularly in light of the Union's bargaining history and enforcement practices, the arbitrator rejected that argument based on the broad language of Section (E). We cannot ourselves reweigh the merits of the grievance submitted to the arbitrator, and we cannot conclude that his reasoning in reaching the challenged conclusion was insufficiently "colorable" to "withstand judicial scrutiny." *National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d at 539 (internal quotation marks omitted). Rite Aid's citation to an NBF letter stating that changes to contribution rates would become effective in "your

4

next [CBA]," App'x 53, warrants no different conclusion. That same letter explains that Rite Aid would also be required to "contribute at the new rates" imposed by the NBF if its CBA "provide[d] for contributions at the rate set by the Trustees," *id.*, as the arbitrator here concluded it did.

Second, Rite Aid suggests that the arbitrator may have been biased, or unduly influenced in the Union's favor, by concerns regarding NBF solvency. *See National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d at 548 (explaining that award may be vacated if reasonable person would "have to conclude that [the] arbitrator was partial"). Rite Aid did not raise this argument in the district court, and has, therefore, forfeited it. *See, e.g.*, *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) (reiterating that appellate court will not consider argument raised for first time on appeal). In any event, no bias is evident from the arbitrator's observations that the NBF's Trustees were "fiduciaries" who were bound to "protect the viability of the Fund." App'x 33.

Third, Rite Aid argues that the arbitrator's construction of Section (E) "[d]eviated [f]rom" his reasoning in a different arbitration. Appellant's Br. 37. Even if we were to agree with Rite Aid's understanding of the other arbitration, the argument is defeated by precedent rejecting the notion that "an arbitrator has a duty to follow arbitral precedent," or that "failure to do so is reason to vacate" an arbitration award. *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 32 (2d Cir. 1997).

5

Fourth, Rite Aid urges vacatur because it was "perplexed as to whether it was litigating with the Union or the NBF," as "the same law firm" represented both entities. Appellant's Br. 38–39. The argument is unconvincing because, as the arbitrator observed, the "only parties to this dispute [were] the Union and Rite Aid notwithstanding Rite Aid's assertion." App'x 21 n.6. In any event, Rite Aid offers no reason why its purported confusion warrants vacatur.

Accordingly, Rite Aid's challenges to confirmation fail on the merits.[1]

2.      Motion for Attorneys' Fees

Rite Aid challenges so much of the judgment as concluded that the Union should be "awarded reasonable attorney's fees" pursuant to a contractual fee-shifting provision in the CBA. App'x 80. We may not review that determination here because the district court held in abeyance its computation of those fees pending the outcome of this appeal. Although the "pendency of a ruling on [the] award for fees and costs does not prevent . . . the *merits* judgment from becoming final for purposes of appeal," *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 777 (2014) (emphasis added), "a non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court," *Berlin v. Renaissance Rental Partners, LLC*, 723 F.3d 119, 128

---

[1] We need not address Rite Aid's passing assertion that the district court erred in denying as moot its motion to strike portions of the Union's briefing, as to which it has offered no supporting arguments. *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) ("Merely mentioning the relevant issue in an opening brief is not enough; issues not sufficiently argued . . . will not be considered on appeal." (internal quotation marks and alterations omitted)).

6

(2d Cir. 2013) (alteration and internal quotation marks omitted). Nor did the district court compute the fees owed to the Union after the filing of the notice of appeal so as to provide an "appealable final order regarding fees and costs" that would be "ripe for review." *Id.* (internal quotation marks omitted). We therefore lack appellate jurisdiction to address Rite Aid's challenge to the unquantified fees award. *See O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008).

3.   Conclusion

We have considered Rite Aid's other arguments and conclude that they are without merit. Accordingly, we AFFIRM so much of the district court's judgment as denied Rite Aid's petition to vacate and granted the Union's cross-motion to confirm the disputed arbitration award, and we DISMISS for lack of jurisdiction Rite Aid's appeal from the grant of attorneys' fees.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7